ASOCIACIÓN DE DEALERS DE AUTOMÓVILES ET AL., Plaintiffs and Appellants, *v.* ÁNGEL M. RIVERA ET AL., Defendants and Appellees.

No. O-71-205.     Decided December 11, 1972.

---

[1] These three are Manuel Crespo Reyes (pp. 33–37); Carmelo Robles (pp. 48–52); and Ambrosio Rosado (pp. 64–73).

994

*Francisco Torres Aguiar, Jorge Luis Suárez, Eddie Vázquez Otero,* and *Angel L. Nieves Atienza* for appellants. *Gilberto Gierbolini, Solicitor General,* and *Héctor R. Orlandi Gómez, Assistant Solicitor General,* for appellees.

MR. JUSTICE RIGAU delivered the opinion of the Court.

Appellants, the Asociación de Dealers de Automóviles de Puerto Rico, Inc., and a number of dealers in motor vehicles, filed a complaint before the Superior Court, San Juan Part, against Angel M. Rivera, then Secretary of the Treasury of Puerto Rico, against Héctor Schmidt, Administrator of the Consumers Service Administration and against the Commonwealth of Puerto Rico, requesting that Act No. 80 of June 25, 1969 (13 L.P.R.A. § 4034(f)) and the Regulations promulgated by the Secretary of the Treasury on September 30, 1969, for the implementation of the aims of the aforementioned Act No. 80 (13 R.&R.P.R. § 4034–1 *et seq.*) be declared unconstitutional. The purpose of said Act was to amend subdivision (f) of § 34 of the "Excise Act," Act No. 2 of January 20, 1956, as amended.

Before the amendment made by the aforesaid Act No. 80

of 1969, the subdivision (f) of § 34 of the Excise Act read as follows:

"The Secretary shall furnish free of cost to any person who so requests information on the price at factory and the taxable price of any motor vehicle introduced into Puerto Rico."

The subsequent text of said subdivision (f), as amended by Act No. 80, maintained the obligation of the Secretary of the Treasury to furnish free of cost to any person who so requests the price at factory and the taxable price of any motor vehicle introduced into Puerto Rico. But by the aforementioned amendment the dealers in motor vehicles were required to affix on a visible place of each vehicle a sheet with certain information specified in the amended text of said subdivision (f), that is, in Act No. 80 of June 25, 1969.

In the case at bar the Superior Court sustained the validity of the Act and of the Regulations challenged, except for a certain provision of the Regulations which is not under our consideration. Appellant assigns that the trial court committed error in sustaining the validity of four specific provisions of the Regulations and it alleges that said provisions are void because they impose upon the dealers the obligation to inform certain data, the information of which is not required by law. This data is the following: (1) selling price fixed for new and used automobiles; (2) price charged by the salesman for optional equipment installed in new automobiles in Puerto Rico; (3) number of Internal Revenue invoice for each new and used vehicle; and (4) cost of acquisition of used vehicles outside of Puerto Rico.

In *A.P.I.A.U., Inc.* v. *Secretary of the Treasury, ante,* p. 171, we find that the aforementioned Regulations, promulgated for the implementation of the aims of Act No. 80, went beyond that authorized by the law, and there we held that in the absence of a specific authorization of the statute the automobile dealer could not be required by Regulations to inform,

in the aforedescribed manner, the selling price of new or used vehicles, nor the price charged for optional equipment installed in Puerto Rico in new automobiles.

At this point, on May 31, 1972, the Governor signed two acts pertinent herein. One is Act No. 77 of that date entitled "An Act To protect the buyers of motor vehicles; to require from the dealers and sellers of motor vehicles to adhere thereto certain information; to authorize the Director of the Consumers Service Administration to enforce the law; to provide for his duties and powers; to authorize the imposition and collection of administrative fines; to define offenses and fix penalties and to repeal any provision in conflict herewith."

■ The other Act signed also on May 31, 1972, is Act No. 79, which amended the aforementioned subdivision (f) of § 34 of the Excise Act so that said subdivision would read exactly as it read *before* the amendment made by the aforesaid Act No. 80 of June 25, 1969. Consequently, Act No. 80 was impliedly repealed by the aforementioned Act No. 79 of 1972.

The fact that on May 31, 1972, date on which in enacting Act No. 79, Act No. 80 of 1969 was impliedly repealed, the aforesaid Act No. 77, whose finality, as set forth therein, is to protect the buyers of motor vehicles, was also enacted, turns out to be a legislative reality. It is almost evident that said Act No. 77 of May 31, 1972, sought to cure the insufficiencies which we find in the Regulations promulgated for the implementation of the aims of Act No. 80 of 1969 in the case of *A.P.I.A.U., Inc., supra.* Also, said Act No. 77 constitutes a better legislative effort than the prior amendment of 1969 to § 34 (f) of the Excise Act, directed towards the problem it seeks to avert.

Act No. 77 of May 31, 1972, contains a statement of motives which gives perspective to the same, and, among other things, grants powers and imposes duties upon the Director of the Consumers Service Administration, expressly provides

the type of information which the sellers or dealers in motor vehicles are bound to adhere on a conspicuous place on the vehicles, provides for administrative hearings, administrative fines, for judicial review and provides the penalties to punish the violations to the same.

Among the powers expressly granted by Act No. 77 to the Director of the Consumers Service Administration is the power to adopt the regulations necessary for the fulfillment of said act, subject to the provisions of § 5 of Act No. 148 of June 27, 1968, 23 L.P.R.A. § 1005. Act No. 77 places in the hands of the Director of the Consumers Service Administration the Administration of that act, duty which under the extinct Act No. 80 of 1969 was divided between the Secretary of the Treasury and the Consumers Service Administration.

■ As to the case at bar, since the aforecited Act No. 80 of 1969 which amended the Excise Act was repealed and the duty to protect the buyers of motor vehicles was transferred through Act No. 77 of 1972 to the Consumers Service Administration, and inasmuch as the Director of that Administration was vested with the power to adopt the regulations necessary for the fulfillment of Act No. 77, it is no longer necessary to discuss or decide whether or not the aforementioned Regulations of the Secretary of the Treasury follow the word of the repealed Act No. 80.

It is fitting to add that Act No. 77 of 1972 in force requires that the sellers or dealers in motor vehicles adhere on a conspicuous place and in a clear manner practically all the information required by the previous Regulations. The information required by § 3 of Act No. 77 is the following:

"1. Name of the person, natural or artificial, his postal address and the business address where the vehicle is at sale as well as the name and address of the introducer of same and the date of its introduction.

"2. Make, model and the engine serial number of the body of the vehicle and the number of the Internal Revenue declaration where the vehicle is declared.

"3. Factory cost of the vehicle.

"4. Tax on the vehicle and equipment installed in Puerto Rico.

"5. Retail price in Puerto Rico suggested by the seller.

"6. The different costs included in the suggested retail price may be itemized, provided duplicity is avoided."

Some of the terms used in the above-copied § 3 of the Act are defined in § 2 of the same.

■ It is advisable to clear up the following. With regard to the duties of the sellers or dealers in motor vehicles to inform the number of the Internal Revenue declaration where the vehicle is declared, appellant contends that in view of the provisions of § 80 of the Excise Act, 13 L.P.R.A. § 4080 (c) that information is of a confidential nature. Said section prohibits the officers and employees of the Department of the Treasury from disclosing the information contained in the declarations, books, records, or other documents examined by or furnished to the Secretary of the Treasury, *"except in accordance with law."* Act No. 77, in requiring the publication of said information has removed from the same all its confidential nature, if it had any once.

■ In view of the fact that this is an appeal brought for the purpose of declaring Act No. 80 and its Regulations unconstitutional and in view of the fact that said Act was repealed and that the matter which it covered—the protection of buyers of motor vehicles—as well as the power to adopt the necessary regulations have been transferred to the Director of the Consumers Service Administration, the object of the petition has become academic and for such reason the same should be dismissed.

Mr. Justice Martín took no part in the decision of this case.